**Hoy v. Holmes**

C.P. of Schuylkill County, No. S-57-12.

*Michael E. Kosik,* for plaintiff.
*Scott D. McCarroll*, for defendant.

DOMALKES, *J.*, January 31, 2013—The matter before the court is a motion to compel discovery responses filed by the defendant, Stephen Holmes (hereinafter 'Holmes'). The plaintiffs, Sonya Hoy and Brock Herb, her son (hereinafter 'Hoy' and 'Herb'), have filed an answer to the motion. The parties have presented written arguments to the court concerning their positions. The court has reviewed the foregoing and the relevant record.

The underlying lawsuit involves an automobile accident. Hoy and Herb filed suit against Holmes claiming damages from the accident, she for present and future mental suffering, present and future pain and suffering, medical expenses, lost earning capacity, and uncompensated work loss, and he for present and future mental suffering, present and future pain and suffering, medical expenses, lost earning capacity, and uncompensated work loss. Holmes has sought discovery from Hoy and Herb in three particular areas, those being: social media, prior or subsequent accidents, and income tax records. The court will discuss the discovery requests seriatim as hereinafter set forth.

## Social Media

Holmes wants access to information of any social

media internet accounts of Hoy, for example Facebook. He argues that, by filing a lawsuit and claiming certain injuries, both physical and mental, he is entitled to view the social media accounts of Hoy for information that may help his defense or which concerns her damage claims, or he may find information that might lead to discoverable material. He argues that such discovery is authorized by certain federal lower court decisions from other states but has not cited any Pennsylvania appellate court or Pennsylvania federal court decisions.

Hoy argues, in opposition to this request, that it is overly broad and does not seek relevant and discoverable information. There has been no showing that any of the information requested is relevant or will lead to relevant or discoverable information. Plaintiff argues that the majority of cases of Pennsylvania Common Pleas Courts on this issue hold that discovery of social media is only permitted after a showing that the public portion of a person's internet profile supports an argument that relevant information may be available on the private portion. Holmes cites *Trail v. Lesko*, 2012 Pa. Dist. & Cnty. Dec. LEXIS 194 (C.P. Allegheny 2012). That case held that a threshold showing of relevance is necessary prior to permitting discovery of the non-public portions of the social media. Plaintiffs argue that Holmes is simply on a fishing expedition, has not articulated a factual basis for his social media requests and only intends to harass, embarrass, and unduly burden Hoy.

In *Trail, supra,* the Allegheny County court explained

that social media, such as Facebook, contains a public profile open and available to anyone and a non-public profile which is considered to be private. The court reviewed a number of trial court Pennsylvania cases and reached a conclusion on the very issue presently before this court. Its conclusion was in accord with Hoy's argument as to the correct discovery standard to be applied. The court wrote: "The courts recognize the need for a threshold showing of relevance prior to discovery of any kind, and have nearly all required a party seeking discovery in these cases to *articulate some facts* (emphasis added) that suggest relevant information may be contained within the non-public portions of the profile. To this end, the courts have relied on information contained in the publicly available portions of a user's profile to form a basis for further discovery." In *McMillen v. Hummingbird Speedway Inc.*, 2010 WL 4403285, No. 113-CD (Jefferson CP. Sep. 9, 2010), the Jefferson County trial court held that, because the public profile showed that relevant information might have been contained in the private profile demonstrating that the plaintiff's injuries were exaggerated and because there exists no privilege between friends on the social media account, and even if such a privilege did exist, it was waived by posting on that account, it was proper for the court to order the requested discovery. In *Zimmerman v. Weis Markets, Inc.*, 2011 WL 2065410, No. CV-09-1535 (Northumberland CP. May 19, 2011), the Northumberland County court decided that, on the basis of publicly-available information, it was reasonable to infer the existence of added relevant

content within the private profile of the plaintiff's profile. The court noted that, although the plaintiff had argued that he had a reasonable expectation of privacy on this matter, the plaintiff consented to share the information when he created the account and voluntarily posted the information. It thus ordered that plaintiff comply with the discovery request. Here, too, in accordance with *McMillen, supra,* the court limited its holding to requests founded on "*some factual predicate gleaned from the publicly available pages* (emphasis added)," requiring some threshold that the public portions of an internet profile contained information that points to additional relevant information in the non-public portions of the profile. In *Largent v. Reed,* 2011 WL 5632688, No. 2009-1823 (Franklin CP. Nov. 8, 2001), the Franklin County court held that, because non-public information on a Facebook account is shared with others, there exists no reasonable privacy expectation. The very purpose for a Facebook account is to share information with others, which purpose nullifies any claim of privilege. As in the two prior cases, the *Largent* court confined its holding to those cases whereby the party seeking discovery can articulate in good faith that further discovery will lead to relevant information. In *Arcq v. Fields,* No. 2008-2430 (Franklin CP. Dec. 2011), the Franklin County court held that this type of request was predicated on a showing that the public portions of the subject profile contained relevant information establishing a gateway to the non-public portion and that there had to be articulated some reasonable, good-faith basis for thinking that the private profile contained relevant information for the discovery

request for the non-public information to be granted.

This court has also reviewed the article on local court cases pertaining to this issue published in *Pennsylvania Law Weekly, December 11, 2012, Vol. XXXV No. 50*, entitled *Trial Courts Yet to Find Consistency in 'Facebook Race'*. In this article, it is noted that there is presently no Pennsylvania appellate court decisions on this question, and the trial court decisions dealing with it are divided, some allowing, some denying the discovery. However, it is noted in the article that there is a common ground among the decisions. The article contains the following observation: "If there's been a common thread among courts landing on both sides of the issue – though not universal – it's the public-to-private rationale. Judges have, in most cases, granted access to a party's private account when something available on their "public page" indicates that more discovery is warranted, or denied for the same reason." The article goes on to explain that the trial court opinions continue to be both pro and con the factual predicate standard. A recent case out of the Indiana County Court of Common Pleas, *Simms v. Lewis* was cited as being in favor of the standard. In this case, the court ordered discovery as to one social media account of Simms but not as to others where the defendant had not set forth a factual predicate as the basis of the request for those other accounts. The court did offer to the defendant as to these other accounts leeway to provide the "factual predicate" necessary for requesting non-public access to these accounts. Another case from Monroe County,

*Mazzarella v. Mt. Airy #1,* was on the other end of the spectrum and did not appear to require any factual basis from a public page in order to allow discovery of private information. That court wrote as part of its order granting discovery that "Those who elect to use social media, and place things on the internet for viewing, sharing and use with others, waive an expectation of privacy."

There exists no constitutional right of privacy that prohibits the type of discovery sought concerning social media nor is such social media protected by an established privilege. Thus, such legal concepts are not determinative of the issue before us today. The basis for our decision is determined by Pennsylvania Discovery Rules, see Pa.R.C.P. 4001 et. seq., Pa.R.C.P. 4011, Pa.R.C.P. 4019, and decisions pursuant thereto and related to social media information. We agree that a factual predicate has to be shown by the party seeking discovery for non-public information posted on social media. Such a factual predicate has not been identified in the present motion to compel. The mere allegation that a lawsuit has been commenced against the defendant and that the plaintiffs are claiming certain damages does not identify nor establish such a factual predicate. The motion must be denied. However, this court's order, as was the order of the court in the Monroe County case, will be without prejudice, and, if a factual predicate can be asserted consistent with this decision, either party may pursue a similar motion upon filing of the same and having the matter praeciped to the court for disposition.

## Prior or Subsequent Accidents

Holmes had asked of Hoy to produce any records she had in her custody or control of prior or subsequent automobile accidents in which she had been involved. Hoy had responded that she had none. Defendant discovered she had a prior automobile accident and that her present counsel, Angino and Rovner, represented her in a lawsuit arising from that accident. Angino and Rovner then answered that Hoy was not aware she had any records. The previous accident happened in 2000, and litigation on the matter was discontinued on May 27, 2004. Plaintiffs' counsel only kept records for seven (7) years, and counsel's office experienced flooding, the most recent in Sept of 2011, when files were lost, including those of Sonya Hoy. Thereafter, Holmes asked for the file on Sonya Hoy's prior accident as well as medical records counsel might have on her from that file. Counsel for Hoy responded that it had no physical file but had checked its computer and had a list of her medical records, retrieved them, and provided them to Holmes' counsel. All the other information the law firm had on its computer on this prior accident was also available to defense counsel at the Schuylkill County Courthouse records office. Angino and Rovner did not have in its possession or under their control any other documents beyond those already provided.

This court does not have the power to order Hoy or her counsel to produce that which they aver does not exist and the court cannot find from the record before it that they have failed to provide requested discovery. A court

cannot grant a motion to compel unless such a finding can be made. Pa.R.C.P. 4019 (a)(1)(viii). However, plaintiffs should provide written releases to defendant's counsel so that defendant can obtain the missing medical records.

## Income Tax Records of Herb Requested

Holmes requested income tax records for the past five (5) years of Herb in possession or under control of Herb. Herb supplied only one document, and Holmes asks the court to compel him to supply this material. Herb initially responded to the request by stating the one document was all he had in his possession or control. He subsequently was able to supply income tax records for some years, and these were provided to Holmes. Herb argued that he was not obligated to gather information that is not in his possession. Holmes can obtain additional records from the internal revenue service. Herb is not required to gather information that is not in his possession or control especially when he claims it is not relevant because he was a student and was training for a new occupation and was working as an unpaid apprentice in a new occupation at the time of the accident. Herb was not in possession of, nor did he have under his control, tax returns. All that he had he already provided to Holmes. Herb was an unpaid apprentice from March 2008 until March 2010. Before that he was attending classes, and he was not in possession of tax returns for 2008 and 2009. Holmes can obtain authorizations to obtain information which Herb does not have in his possession.

It does not appear from the answer or the written arguments of Hoy and Herb that they object to providing any needed authorizations to secure income tax records or medical records or any records of the prior accident. Once more, the court cannot find, based on this record, that either plaintiff has failed to provide requested discovery.

Accordingly, the court enters the following:

ORDER OF COURT

And now, January 31, 2013, the Motion of the Defendant to Compel Discovery Responses is denied and dismissed without prejudice to either party. Any future motion related to discovery of social media must reference a factual predicate necessary for requesting non-public access to these accounts consistent with the terms of this Court's Opinion accompanying this Order. The public portions of social media are discoverable. Plaintiffs are directed to provide releases to defendant's counsel with respect to medical and income tax records.